IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN W. BYERLY,

    Petitioner,

    v.

    Case No. 2:14-cv-00266
    Judge Sargus
    Magistrate Judge King

STATE OF OHIO, *et al.*,

    Respondents.

## OPINION AND ORDER

On May 1, 2014, the Magistrate Judge construed this action as one for a writ of habeas corpus under 28 U.S.C. § 2254 and recommended that the warden of the Ross Correctional Institution be named as the respondent and that the remaining defendants be dismissed. *Order and Report and Recommendation*, Doc. No. 7. Petitioner has filed objections to that recommendation. *Objection*, Doc. No. 13; *Supplemental Objection*, Doc. No. 15. For the reasons that follow, Petitioner's *Objection* and *Supplemental Objection*, Doc. Nos. 13, 15, are **OVERRULED.**

Petitioner does not object to the Magistrate Judge's directive that the warden who has custody of Petitioner be named as a respondent. *Objection*, Doc. No. 13, PageID# 218. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts. However, Petitioner does object to the recommendation that the other named defendants, including state court judges, be dismissed. Petitioner argues, *inter alia*, that the municipal court judge improperly suppressed exculpatory evidence and conducted a "false" or "fabricated" hearing, *id.* PageID# 212-13, that Petitioner was the victim of a conflict of interest with his criminal defense

1

attorney, that he was improperly charged with criminal offenses in two separate jurisdictions in violation of the Double Jeopardy Clause, that the state court tampered with or altered evidence and records, that the state courts lacked jurisdiction in Petitioner's criminal proceedings, that he was denied the right to counsel and the right to be present at his arraignment, that his convictions are invalid and that the persons originally named as defendants in this action are responsible for these errors. *Id.* PageID# 216-17. Petitioner also attaches documents to his *Objection* in support of these claims. *Id.* Petitioner also complains, *inter alia,* that he has no vehicle by which to raise these claims in the state courts because these claims are based on newly discovered evidence. *Supplemental Objection*, Doc. No. 15, PageID# 241. He insists that he does not intend by this action to challenge the validity of his state court convictions; rather, he alleges that his convictions result from constitutional violations and fraud. *Id.* PageID# 242; 243. Petitioner also contends that he cannot obtain justice in the United States District Court for the Northern District of Ohio due to bias. *Id.*

As found by the Magistrate Judge, all of Petitioner's claims raise issues of federal constitutional magnitude challenging the validity of Petitioner's convictions in the state courts. These claims are therefore habeas corpus claims under 28 U.S.C. § 2254.[1] The appropriate respondent in such an action is the state officer having custody of Petitioner, *i.e.*, the warden of the Ross Correctional Institution. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner's *Objection,* and *Supplemental Objection,* Doc. Nos. 13, 15, are therefore **OVERRULED**. The *Report and Recommendation,* Doc. No. 7, is **ADOPTED** and

---

[1] As also noted by the Magistrate Judge, a civil action for monetary damages arising out of allegedly invalid criminal convictions cannot proceed unless those convictions have been reversed, expunged or otherwise found to be invalid. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

2

**AFFIRMED.** The warden of the Ross Correctional Institution is the named respondent in this case, and the remaining defendants originally named by Petitioner are **DISMISSED.**

5-30-2014

EDMUND A. SARGUS, JR.
United States District Judge