**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

STEPHEN BYERLY,

    Petitioner,

v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION

    Respondent.

Case No. 2:14-cv-266
CHIEF JUDGE SARGUS
Magistrate Judge King

## ORDER

Petitioner initiated this action on March 19, 2014. *Motion for Leave to Proceed in Forma Pauperis*, ECF No. 1. This Court construed the action as one seeking a writ of habeas corpus under § 2254. *Opinion and Order*, ECF No. 18. Because Petitioner sought to challenge his conviction in a state court located in Richland County, Ohio, the action was transferred to the United States District Court for the Northern District of Ohio on June 2, 2014. *Order*, ECF No. 19.[1]

Plaintiff has sought reconsideration of this Court's characterizations of the action and of this Court's disposition

---

[1] Petitioner has filed two other civil actions in this Court. On July 18, 2012, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Byerly v. Warden, Ross Corr. Inst.*, 2:12-cv-0626 (S.D. Ohio 2012). Because petitioner sought to challenge a conviction by a state court located in Richland County, Ohio, that action was transferred to the United States District Court for the Northern District of Ohio on July 12, 2012. *Id.*, *Order*, ECF No. 2. On April 19, 2013, Petitioner filed another action in this Court, which this Court construed as a civil rights action under 42 U.S.C § 1983. *Byerly v. Ross Corr. Inst.*, No. 2:13-cv-0411 (S.D. Ohio). On March 10, 2015, defendants were granted summary judgment in that action and it was dismissed. *Id.*, *Opinion and Order*, ECF No. 65; *Judgment*, ECF No. 66. The Court of Appeals for the Sixth Circuit subsequently affirmed that judgment. *Byerly v. Bradley*, No. 15-3735 (6th Cir. Jan. 21, 2016).

of the action. *Motion for De Novo Review*, ECF No. 20; *Motion to Clarify Docket Entries*, ECF No. 27. Both motions were denied. *Order*, ECF No. 21; *Order*, ECF No. 28. This matter is now before the Court on petitioner's May 22, 2018, motion for reconsideration. *Motion for Reconsideration Clarification/Docklet F.R.C.P. – 59(e)* [sic], ECF No. 29.[2]

A motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure must be filed "no later than 28 days after the entry of the judgment." *Id.* As the procedural history of this case makes clear, petitioner's motion is untimely.

Petitioner also asks that a three-judge panel be convened. Because a three-judgment panel is not authorized under the circumstances presented in this case, *see* 28 U.S.C. § 2284, petitioner's request in this regard is without merit.

In short, petitioner's *Motion for Reconsideration Clarification/Docklet F.R.C.P. – 59(e)* [sic], ECF No. 29, is **DENIED**.

**IT IS SO ORDERED.**

2-21-2019
Date

Edmund A. Sargus, Jr.
Chief United States District Judge

---

[2] Although the motion also reflects the case number of petitioner's civil rights action, *Byerly v. Ross Correctional Inst.*, 2:13-cv-411 (S.D. Ohio), Petitioner's motion was docketed only in this case. However, an identical motion was previously filed in that civil rights action and was denied by this Court. *Id.*, *Order*, ECF No. 93.